UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIKRET MURATOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 2368 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Fikret Muratovic brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff filed an application for disability benefits on August 23, 2013, alleging a disability onset date of April 30, 2012. (R. 76-77.) Plaintiff's application was denied initially on December 5, 2013, and on reconsideration on June 26, 2014. (R. 76, 124.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on September 17, 2015. (*See* R. 44-74.) On November 5, 2015, the ALJ denied plaintiff's application. (*See* R. 24-36.) The Appeals Council denied plaintiff's request for review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 26.) At step two, the ALJ determined that plaintiff has the severe impairments of "major depressive disorder; and post-traumatic stress disorder (PTSD)." (*Id.*) At step three the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 27.) At step four, the ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels . . . with the following limitations: simple and routine, 1-3 step tasks, with routine changes only; and work primarily alone, having only occasional contact with the general public, coworkers and supervisors." (R. 28.) At step five, the ALJ determined that plaintiff is able to perform his past relevant work as a garment folder, and thus is not disabled. (R. 34-36.)

Plaintiff argues that the ALJ improperly rejected the opinion of plaintiff's treating psychiatrist, Dr. Fayyaz. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2). In February 2014, Dr. Fayyaz opined that plaintiff had PTSD and major depressive disorder with psychosis. (R. 403.) Dr. Fayyaz also said that plaintiff was "markedly limited" in the ability to: (1) understand, remember and carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual; (4) sustain an ordinary routine without special supervision; (5) get along with coworkers without distracting them or exhibiting behavioral extremes; (6) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; (7) respond appropriately to changes in the work setting; and (8) set realistic goals or make plans

independently. (R. 405-06.) In addition, Dr. Fayyaz said plaintiff was "moderately limited" in the ability to: (1) understand, remember, and carry out very short and simple instructions; (2) to make simple work-related decisions; (3) accept instruction and respond appropriately to criticism; and (4) complete a normal workday and week without interruption from psychological symptoms and perform at a consistent pace without an unreasonable number of breaks. (*Id.*)

The ALJ gave Dr. Fayyaz's opinion "no weight," saying it is inconsistent with "intact mental status exams and all treatment notes," as well as plaintiff's "demonstrated ability to work for a significant period of time" and to maintain interpersonal relationships. (R. 34.) The record does not support these conclusions. Contrary to the ALJ's assertion, Dr. Fayyaz's treatment notes show that plaintiff consistently complained of sleeplessness, agitation, nightmares, flashbacks, and often, auditory hallucinations, even on the rare occasions when he also said he was feeling "good" or "okay." (*See* R. 374-95, 495-500.) There is also no evidence that plaintiff has any "interpersonal relationships" except with his wife and son. Finally, the fact that plaintiff worked for several years *before* the alleged onset of his disability, though documented in the record, sheds no light on his current ability to perform gainful employment.

The Commissioner attempts to defend the ALJ's assessment by reference to other treating physicians' observations. (Def.'s Mem. Supp. Mot. Summ. J., ECF 13 at 4-5.) This effort is unavailing. For example, Dr. Sultana treated plaintiff on November 26, 2013. Those notes states (on the same page) that plaintiff is receiving treatment for depression, including "many medications," as well as the notation "denies depression" under psychiatric review of systems. (R. 429.) Dr. Pecard's notes from March 17, 2014 suffer from the same deficiency. (R. 434-35.) ("medical history: depression" and "mood and affect: no depression with no further

4

explanation); *see* R. (440-41) (notes from February 13, 2014 stating the same). Suffice it to say, the records relied on by the Commissioner do not sufficiently explain the ALJ's complete disregard of Dr. Fayyaz's opinion.

Moreover, even if there were some basis for the ALJ's refusal to give Dr. Fayyaz's opinion controlling weight, the ALJ was still required to, but did not, determine how much weight to give it by considering the regulatory factors. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) ("If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion."); *see also* 20 C.F.R. § 404.1527(c). That was error. *See Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) (stating that "[a]n ALJ *must* consider the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion" in assessing a physician's opinion) (emphasis added). Had the ALJ considered these factors -- that Dr. Fayyaz is a psychiatrist who has examined plaintiff every few months since late 2011 and whose opinion was corroborated by the agency's consultative examiner (*see* R. 353-57, 374-95, 495-500) -- she may not have rejected the opinion wholesale in favor of that of the non-examining medical expert. (*See* R. 34.) This case must, therefore, be remanded for reconsideration of the medical evidence.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [12], grant's plaintiff's motion for summary judgment [11], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                        **ENTERED: November 1, 2017**

_____
**M. David Weisman**
**United States Magistrate Judge**