UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIKRET MURATOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 2368 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 1, 2017, the Court entered judgment in plaintiff's favor on his appeal from defendant's denial of his application for Social Security benefits. (*See* 11/1/17 J., ECF 18.) Defendant has filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) to amend the judgment. For the reasons set forth below, the Court denies the motion.

**Discussion**

A Rule 59 motion "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 1010 (E.D. Va. 1983)). "Such problems rarely arise[,] and . . . motion[s] to reconsider should be equally rare." *Id.*

Defendant contends that this is one of the rare occasions on which reconsideration is appropriate because the Court reweighed the evidence rather than giving the ALJ's decision the

deference it is due. (Mot. Alter Amend J. at 2, ECF 19); *see Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) ("We deferentially review the ALJ's factual determinations and affirm the ALJ if the decision is supported by substantial evidence in the record."); *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (stating that "substantial evidence" is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). The Court disagrees.

The ALJ rejected treating physician Fayyaz's opinion as "inconsistent" with: (1) "intact mental status exams and all treatment notes"; (2) plaintiff's "demonstrated ability to work for a significant period of time"; and (3) his lack of difficulty with "interpersonal relationships." (R. 34.) First, as the Court previously explained, Dr. Fayyaz's treatment notes are consistent with his opinions. (*See* 11/1/17 Mem. Op. & Order, ECF 17 at 4.) Moreover, the treatment notes of other physicians that the ALJ cited were from physical, not mental, examinations and thus were not "intact mental status exams," as the ALJ asserted. (*See, e.g.*, R. 429-41, 445-47.) Second, as the Court previously noted, the record shows that plaintiff worked for a significant period of time *before* the onset date of his disability, a fact that sheds no light on his ability to work *after* the onset date. (*See* 11/1/17 Mem. Op. & Order, ECF 17 at 4.) Finally, as the Court noted, the only interpersonal relationships the record reveals plaintiff to have are with his wife and son, and the ALJ cited no evidence for her assertion that plaintiff has no difficulties with those relationships. In short, the ALJ rejected Dr. Fayyaz's opinions by: (1) ignoring the bulk of his treatment notes; (2) cherry-picking observations of plaintiff's mental state made by doctors who were addressing plaintiff's physical, not psychological, complaints; (3) relying on plaintiff's pre-onset work history; and (4) making an unsupported assertion about the quality of his relationships with his immediate family.

The Court respectfully disagrees with defendant's assertion that the Court reweighed the evidence considered by the ALJ. We believe that our review was deferential, as is required. Our concern is that the ALJ ignored medical evidence that did not support her conclusion, failed to demonstrate a connection between plaintiff's pre-onset employment history and his post-onset symptomology, and asserted facts about his personal relationships that had no apparent support in the record, none of which is permissible. *See Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) ("[T]he ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination.") (citing *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (per curiam) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.") (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)).

In short, even under a deferential standard of review, the ALJ's decision cannot be upheld.

## Conclusion

For the reasons set forth above, the Court denies defendant's motion to alter or amend the judgment [19].

**SO ORDERED.**                                   **ENTERED:  January 12, 2018**

_____
**M. David Weisman**
**United States Magistrate Judge**